IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEAN PAUL STEVENS, | ) | No. C 10-2821 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL** |
| vs. | ) ) | |
| COUNTY OF MARIN, STATE OF CALIFORNIA, COMMUNITY HOSPITAL, MARIN GENERAL HOSPITAL, | ) ) ) ) ) | |
| Defendants. | ) ) | |

      Plaintiff, incarcerated at Corcoran State Prison in Corcoran, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint is unintelligible, discussing the removal of his "vertebrae and femors[sic]" as well as a time in prison "when my testicles popped out of me." The complaint fails to state a claim upon which relief will be granted and will be dismissed.

**DISCUSSION**

      Plaintiff's complaint is incomprehensible. Plaintiff apparently seeks to sue Charles Prandi, the Sheriff of Marin County, Mike Smith, of the Santa Rosa Parole and Community Services Division, as well as Novato and Marin hospitals. However, it cannot be determined from the face of the complaint any legal claims he seeks to raise against them. Instead, Plaintiff complains about having his vertebrae and femurs removed in the county jail and a time in state prison when his testicles popped out. Further incomprehensible allegations are contained in a letter to the court

accompanying the complaint, (docket no. 1). The complaint will be dismissed because Plaintiff fails to state a claim upon which relief may be granted.

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Complaint</u>

In this case, Plaintiff has sued Marin and California officials, as well as several hospitals. However, Plaintiff's complaint fails to set forth any comprehensible allegations from which the Court can discern a legitimate basis for his complaint against any named defendants.

A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although a complaint is not "frivolous" within the meaning of sections 1915A and 1915(e)(2) because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), *see Neitzke*, 490 U.S. at 331, failure to state a claim is a separate basis for dismissal under sections 1915A and 1915(e)(2).

A dismissal as legally frivolous is proper only if the legal theory lacks an

arguable basis, while under Rule 12(b)(6) a court may dismiss a claim on a dispositive issue of law without regard to whether it is based on an outlandish theory or on a close but ultimately unavailing one. *See id.* at 324-28. A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). The Court is unable to ascertain a cognizable federal claim from Plaintiff's incomprehensible complaint.

**CONCLUSION**

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: October 13, 2010

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DEAN PAUL STEPHENS,

        Plaintiff,

  v.

COUNTY OF MARIN et al,

        Defendant.

Case Number: CV10-02821 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 13, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dean Paul Stephens
E39949, 69822
Marin County Jail
13 Peter Behr Drive
San Rafael, CA 94903

Dated: October 13, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk